PER CURIAM.
On December 31, 1970, appellee Union Camp purchased a tract of land located on Lake George in Volusia County for the purchase price of $254,627.59. The purchase resulted in Union Camp acquiring a 160.71-acre narrow tract of standing timber which contained 6,062 feet of lake frontage on Lake George. The day after the purchase, January 1, 1971, appellant, County of Volusia, assessed the property as non-agricultural and assigned a value to the property for the year 1971 of $212,520.-00. Union Camp filed suit against the County of Volusia and the Department of Revenue to determine the legality of the assessment and alleging that the assessment was excessive and arbitrary for land that was used for agricultural purposes.
In defending the challenge to their assessment of Union Camp’s property, the County of Volusia and the Department of Revenue filed written interrogatories to Union Camp inquiring of the connection and relationship between Union Camp and the Branigar Organization, Inc.; the background of land conveyances in Volusia *161 County from Union Camp to Branigar; and any connection Branigar had with Union Camp in obtaining the property in question. In addition, the County of Volu-sia and the Department of Revenue filed a request that Union Camp produce any correspondence between Branigar Organization, Inc., and Union Camp and any reports, studies, etc., concerning the agricultural or non-agricultural disposition of the subject property. Union Camp filed objections to the request to produce and the interrogatories alleging that the information sought was irrelevant and immaterial. The trial court sustained Union Camp’s objections to the written interrogatories and Union Camp’s objections to all of the items requested in the motion to produce except one.
By this interlocutory appeal, the County of Volusia and the Department of Revenue challenge the trial court’s ruling on the motion to produce and the request for written interrogatories.
The County of Volusia and the Department of Revenue contend that the information which they sought by the request for written interrogatories and the motion to produce is relevant to the subject matter of the pending litigation. We agree. The County of Volusia and the Department of Revenue contend that the Branigar Organization, Inc., is a subsidiary of Union Camp which is actively engaged in the business of real estate development; that Union Camp has conveyed other “agricultural” land in Volusia County to Branigar for the purpose of real estate development. In support of these contentions, the County of Volusia and the Department of Revenue presented to the trial court for its consideration several exhibits, one of which was a survey of the property in question which contained on the legend “Surveyed for the purpose of conveying to the Branigar Organization”. Justice Roberts, speaking for our Supreme Court, in Walden v. Borden Company, 235 So.2d 300 (Fla.1970), stated:
“We have concluded that the legislative classification of agricultural lands for tax purposes was intended to benefit the owner whose lands are dedicated to the named agricultural purposes ‘exclusively’ so used under old Section 193.201 and ‘primarily’ so used under new Section 193.461 whether such use is being made directly by the owner himself or indirectly through an agent or lessee; and that the legislature did not intend to give preferential tax treatment to land such as that in the instant case that was obviously purchased for use in connection with the company’s phosphate operations and is still being used for that purpose, even though it accommodates, also, an incidental use for agricultural purposes.”
The interrogatories addressed to Union Camp Corporation and the motion to produce request information which is germane to determining the purpose for which Union Camp is using the land. The information sought is relevant and material to the disposition of the instant litigation.
The order appealed is reversed.
RAWLS, C. J., and SPECTOR and McCORD, JJ., concur.